UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:12-CR-90-TAV-HBG |
| DONA RECTOR, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant asks the Court to expunge her felony conviction for conspiracy to commit wire fraud and restore her rights to bear arms and vote [Doc. 267 p. 1]. However, as the government argues [Doc. 420 p. 1], defendant identifies no authority for doing so. Because this Court lacks jurisdiction to consider defendant's request, it will **DENY** her motion.

Defendant pled guilty to Count Two of the second superseding indictment in this case, charging her with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 [Doc. 57 p. 18, Doc. 202]. The Court sentenced her to two (2) years' probation in October 2014 [Doc. 267]. Defendant states that until her husband's death in August 2019, she enjoyed a two-household income [Doc. 419 p. 1]. Now, after moving to New Tazewell, TN, to be closer to family, she says she is struggling to find employment because her felony conviction is common knowledge in the small town and because of certain physical restrictions on the type of work she can perform [*Id.*]. Accordingly, she asks the Court to

expunge her felony record, which she believes will expand her job opportunities, and to restore her rights to bear arms and vote [*Id.*].

The government opposes defendant's request, noting simply that she fails to identify any authority for granting her relief [Doc. 420 p. 1].

The government's observation is correct, and the Court finds no authority for expunging defendant's record. As the Sixth Circuit and other district courts in this circuit have recognized, federal courts generally lack equitable authority to grant motions to expunge. *See United States v. Lucido*, 612 F.d 871, 873–74 (6th Cir. 2010) (stating that none of three potential avenues for exercising jurisdiction over a motion to expunge provided authority to do so—neither the court's original authority over defendant's criminal case under 18 U.S.C. § 3231, nor any other statute, nor jurisdiction ancillary to the court's power under § 3231); *see also United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017) ("I have no jurisdiction to entertain the motion [to expunge] to the extent it rests on equitable concerns," such as inability to obtain or retain employment). And, while the Sixth Circuit has stated that courts may exercise ancillary jurisdiction over expungement motions raising "constitutional claims or challenging an unconstitutional conviction or an illegal arrest," *United States v. Field*, 756 F.3d 911, 916 ((6th Cir. 2014), the reason defendant cites in support of relief—her inability to find work in New Tazewell—does not fall into either of those exceptions.

Accordingly, because the Court lacks jurisdiction to grant her requested relief, defendant's motion [Doc. 267] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE